**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ANDREA L. CANTRELL** **PLAINTIFF**

**v.** **No. 1:14–CV–154-BSM–BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration** **DEFENDANT**

**RECOMMENDED DISPOSITION**

**Instructions**

The following recommended disposition was prepared for U.S. District Judge Brian S. Miller. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all of the evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Andrea Lori Cantrell seeks judicial review of the denial of her application for disability insurance benefits and disabled widow's benefits.[3] Ms. Cantrell worked as a cashier for a Kroger grocery store for 14 years.[4] During that time period, she twice injured her back and underwent back surgery. She claims she has been disabled since she stopped working in March 2011, due to back pain, with right leg radiculopathy; spinal fusion, status post laminectomy L5/S1; peripheral artery disease or neuropathy; diabetes; and Grave's disease.[5]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Ms. Cantrell had severe impairments — degenerative disc disease of lumbar spine, status post anterior spinal fusion, status post laminectomy; diabetes mellitus with neuropathy; pain disorder; and adjustment disorder[6]—but he concluded she could do a reduced range of light work, including her past work as a

[3]Disability is defined in the same way for each of these disability benefits. 20 C.F.R. § 404.1505 ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.").

[4]SSA record at pp. 160-61, 186, 210 & 410.

[5]*Id*. at p. 185.

[6]*Id*. at p. 29.

cashier.[7] Because a person who can do her past work is not disabled under social security law,[8] the ALJ determined Ms. Cantrell was not disabled and denied the application.[9]

After the Appeals Council denied a request for review,[10] the ALJ's decision became a final decision for judicial review.[11] Ms. Cantrell filed this case to challenge the ALJ's decision.[12] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]

---

[7] *Id*. at p. 33.

[8] 20 C.F.R. § 404.1520(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[9] SSA record at p. 33.

[10] *Id*. at p. 1.

[11] *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12] Docket entry # 1.

[13] *See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

**Ms. Cantrell's allegations**. Ms. Cantrell challenges the determination that she could work. She characterizes the ALJ's decision as error-ridden. She asks for a remand because the ALJ did not explain why he rejected the mental examiner's report that she might be unable to complete work in an acceptable time frame. She maintains that she could not do her past work because working as a cashier requires timely customer service.

Further, she disputes the evaluation of her credibility; she says the ALJ did not properly consider her work history or her inability to pay for medical treatment. She complains about the ALJ's failure to discuss written statements she provided from friends and family about her symptoms. She argues that the ALJ should have conducted a function-by-function analysis of her work as a cashier. For these reasons, she argues, substantial evidence does not support the ALJ's decision.[14]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show that Ms. Cantrell could do a reduced range of light work, including that of a cashier. "Light work involves lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds."[15] The ALJ further limited Ms. Cantrell to light work with

[14]Docket entry #s 14 & 16.

[15]20 C.F.R. § 404.1567(b).

only occasional stooping, crouching, crawling, or kneeling. There is substantial evidence supporting the ALJ's finding that Ms. Cantrell could work within these limits.

1. **Treatment controlled Ms. Cantrell's symptoms**. Symptoms that can be controlled by treatment are not disabling under social security law.[16] Ms. Cantrell complained primarily about low back pain radiating to her hips and right leg, and neuropathic foot pain.[17] She claimed pain prevented her from walking, standing, lifting, and sitting. Treatment records, however, show that Ms. Cantrell's pain was controlled with treatment.

In May 2011, a couple of months after she stopped working, Ms. Cantrell underwent a second back surgery.[18] In September 2011, she had a limited range of motion in her back, but was weaning herself off pain medication.[19] According to her surgeon, Ms. Cantrell had "decreased the use of medications considerably."[20] Decreasing pain medication indicates pain had subsided. By October 2011, Ms. Cantrell had met her short-term physical therapy goals; she reported "an overall improvement in mobility and function," although she still had pain.[21]

---

[16] *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[17] SSA record at p. 48-49 (testifying about limitations she attributed to back and foot pain), p. 197 (reporting back, leg, hip, and foot pain) & p. 622 (stating on May 3, 2012, that leg and foot pain prevented her from working).

[18] *Id*. at p. 422.

[19] *Id*. at p. 558.

[20] *Id*.

[21] *Id*. at p. 533.

After that, Ms. Cantrell settled a worker's compensation claim[22] and moved to Arkansas. She no longer had medical insurance, so she established care at a Christian medical clinic,[23] where she received treatment for a thyroid condition, diabetes, and problems with sleeping. The clinic referred her to a pain specialist for opioid pain medication. According to Ms. Cantrell, the prescribed medication made her back pain tolerable.[24] The pain specialist recommended epidural steroid injections.

The pain specialist prescribed a medication for neuropathic pain.[25] According to Ms. Cantrell, the medication was very effective in controlling her pain.[26] The pain specialist's recommendations and reports of pain control show that Ms. Cantrell's symptoms could be controlled with treatment. A reasonable mind would accept the evidence as adequate to support the decision because Ms. Cantrell's symptoms could be controlled with treatment.

2. **The mental examiner's report supports the decision**. The ALJ assigned considerable weight to the mental examiner's report.[27]

---

[22]*Id*. at p. 176 (reflecting receipt of workers compensation until Oct. 1, 2011).

[23]*Id*. at p. 643.

[24]*Id*. at p. 666 (July 31, 2012, independent with activities of daily living because pain medication makes pain tolerable), p. 662 (Oct. 2, 2012, she could do housework and yard work with pain medication), p. 672 (Feb. 5, 2013, opioid pain medication makes her nauseous but helps with pain; leg and back pain has not changed significantly but is manageable with medication) & p. 703 (May 7, 2013, opioid pain medication causes nausea, but it's bearable).

[25]*Id*. at p. 668 (prescribing a trial of Lyrica).

[26]*Id*. at p. 681 (reporting on Aug. 16, 2012 that Lyrica helps her pain quite a lot), p. 675 (reporting on Dec. 4, 2012 that Lyrica helped her leg pain greatly), p. 270 (reporting in pre-hearing agency pleading that she's trying to get assistance to get back on Lyrica because it worked well) & p. 47 (testifying on May 8, 2013 that Lyrica worked really good).

[27]*Id*. at p. 32.

According to the examiner, Ms. Cantrell had the capacity to cope with the mental demands of basic work tasks, but she "may not be able to complete work tasks within an acceptable timeframe due to pain issues."[28] Ms. Cantrell says the latter statement shows she could not work as a cashier because the job requires timely customer service. She asks the court to remand the case for an explanation about why the ALJ discredited the statement.

The ALJ discussed the examiner's report in a fair amount of detail, including the relied-upon statement.[29] The ALJ did not explicitly explain why he discredited the statement, but an ALJ does not have to discuss every piece of evidence.[30] The ALJ's discussion of the medical evidence shows why he discredited the statement. The examiner's statement flowed from a complaint of disabling pain, but the ALJ determined that surgery reduced symptoms and medication controlled residual pain. These findings show that the ALJ discounted the statement because he discredited the allegation of disabling pain. Ms. Cantrell's complaint provides no basis for a remand.

3. **The ALJ properly evaluated credibility**. Ms. Cantrell also challenges the ALJ's evaluation of her credibility. Here, the ALJ followed the required two-step process and considered the required factors.[31] The dispositive question is whether substantial evidence supports the credibility evaluation. Here, the ALJ's evaluation is supported by substantial evidence. An ALJ may discount subjective complaints "if there

---

[28]*Id*. at p. 622.

[29]*Id*. at pp. 32-33.

[30]*Wheeler v. Apfel*, 224 F.3d 891, 896 n.3 (8th Cir. 2000) (ALJ's failure to describe claimant's entire medical history does not mean ALJ disregarded certain evidence); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ( "[A]n ALJ is not required to discuss every piece of evidence submitted.").

[31]SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

are inconsistencies in the evidence as a whole."[32] In this case, there were inconsistencies.

Ms. Cantrell's testimony demonstrated inconsistencies. She testified that she stopped working because she could not stand up or lift things, but the record shows she improved with treatment. After settling her workers compensation claim and moving to Arkansas, she applied for disability benefits. She alleged she was unable to work, but she also testified that she did not look for work because she did not know what she could do.[33] Alleging that she was unable to work is inconsistent with not knowing what work she could do.

She testified that pain prevented her from washing her hair or doing household chores,[34] but she told her pain specialist that medication allowed her to perform personal grooming, housework, yard work, and shopping.[35] Her testimony is inconsistent with reports to her doctor. She testified that she spent 10 days per month in bed,[36] but her pain specialist prescribed regular exercise and advised against bed rest.[37] A doctor's recommendation for physical exercise is inconsistent with a claim of physical limitation.[38]

"As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is."[39] The record

---

[32]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[33]SSA record at p. 46.

[34]*Id*. at p. 48.

[35]*Id*. at pp. 662 & 666.

[36]*Id*. at p. 51.

[37]*Id*. at pp. 663, 668-69 & 676.

[38]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013).

[39]*Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

shows that Ms. Cantrell's pain could be controlled with treatment. Pain that can be controlled with treatment is inconsistent with an allegation of disabling pain. She complains about the ALJ's failure to discuss statements provided by family and friends, but an ALJ is not required to discuss every piece of evidence. The statements[40] support Ms. Cantrell's allegations, but are inconsistent with the record as a whole.

4. **Vocational evidence supports the decision**. According to agency medical experts, Ms. Cantrell could do light work involving occasional stooping and crouching.[41] The ALJ included those limitations, but also added other limitations, finding that Ms. Cantrell could only occasionally crawl and kneel. The ALJ asked a vocational expert about work for a person with all of those limitations.[42] According to the vocational expert, a person with those limitations could work as a cashier.[43] Ms. Cantrell worked as a cashier for 14 years. A person who can do her past work is not disabled under social security law.[44]

Ms. Cantrell also argues that the ALJ erred by not conducting a function-by-function analysis of her past work. According to Ms. Cantrell, her previous work required her to lift heavy things. Her point is not well taken because light work requires lifting no more than 20 pounds. Ms. Cantrell points to the ALJ's erroneous reference to past work,[45] but this

---

[40] SSA record at pp. 237, 239 & 654.

[41] *Id*. at pp. 610, 615 & 649.

[42] *Id*. at pp. 55-56.

[43] *Id*. at p. 56.

[44] 20 C.F.R. § 404.1520(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[45] SSA record at p. 33 ("Consistent with testimony given by the vocational expert, a person with the claimant's vocational profile and residual functional capacity could perform the past relevant work as a construction worker and a cardboard cutter and wiping down tables."). Cantrell never worked as a construction worker, cardboard cutter, or table wiper.

error constitutes a scrivener's error and provides no basis for relief. The mistake had no practical effect on the outcome of the case.[46] A reasonable mind will accept the vocational evidence as adequate to support the decision.

**Conclusion and Recommendation**

Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, Judge Miller should DENY Ms. Cantrell's request for relief (docket entry # 2) and AFFIRM the Commissioner's decision.

Dated this 6th day of August, 2015.

UNITED STATES MAGISTRATE JUDGE

[46]*Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999) (deficiency in opinion-writing is insufficient reason to set aside administrative finding where deficiency had no practical effect on outcome); *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) (arguable deficiency in opinion-writing does not require setting aside administrative finding if deficiency had no bearing on outcome).